IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| DAVIS WINE IMPORTS, LLC, a California Limited Liability Company | ) ) ) | |
| Plaintiff, | ) ) | No. CV-10-650-HU |
| v. | ) ) | |
| VINA Y BODEGA ESTAMPA, S.A., a Chilean Company | ) ) ) | OPINION AND ORDER |
| Defendants. | ) ) | |

Phil Nelson
Jason Hirshon
SLINDE NELSON LLC
24 NW 2nd Ave, Suite 200
Portland, Oregon 97209

    Attorneys for Plaintiff

Alison Rhodes
Judith Parker
HINSHAW & CULBERTSON LLP
1000 SW Broadway, Suite 1250
Portland, OR 97205

    Attorneys for Defendant

HUBEL, Magistrate Judge:

Plaintiff Davis Wine Imports, LLC brought claims for breach of contract and breach of the covenant of good faith and fair dealing against defendant Vina Y Bodega Estampa, S.A. Before the court is Davis Wine Imports' Motion for Joinder and for Leave to Amend. For the reasons set forth below, I grant the motion.

## BACKGROUND FACTS

Plaintiff Davis Wine Imports, LLC ("Davis LLC") is a wine importing company that conducts business in Oregon, but is based in Davis, California. Defendant Vina Y Bodega Estampa, S.A. ("Estampa") is a winery based in Santiago, Chile. On January 7, 2008, Estampa entered into an Importation and Representation Agreement ("the Agreement") with "Davis Wine Imports, LLC, represented by César Gabriel Bistué." Decl. Judith Parker, Ex. 1, at 1. Davis Wine Imports, LLC, did not, however, formally exist as a California limited liability company at the time it entered into the agreement. Although the agreement was eventually signed by Davis LLC, a working draft version of the Agreement between the companies lists "Davis Wine Company" as a party. Decl. Marie Chaisson, Ex. 1, at 1.

The Agreement had a five-year term, and under it, Davis LLC was the sole and exclusive representative of Estampa in the United States. Id. It was Davis LLC's obligation under the Agreement to use its best efforts to promote the sale of Estampa's wines. Davis LLC was also obligated to "complete all the legal formalities and compliance procedures for the importation and sale [of wine], both federal and state." Id. at 2. Either party could immediately terminate the Agreement in the event of "[r]evocation or suspension

2 - OPINION AND ORDER

1   for thirty-one (31) days or more of any license or permit required

2   of [Davis LLC] for the normal operation of its business." Id. at

3   4.

4        On March 20, 2008, a little over two months into the contract,

5   Estampa informed Davis LLC that it did not intend to honor the

6   Agreement.  According to Estampa's California counsel at the time,

7   Estampa repudiated because Davis LLC was not properly registered as

8   a business in California, did not possess a valid State of

9   California beer and wine importer's license, and was unable to

10  obtain insurance for shipment of Estampa's products due to Davis

11  LLC's failure to pay other wineries.  Parker Decl. Ex. 2, at 1.

12       The record shows that Davis Wine Imports, LLC registered

13  itself as a limited liability company in the state of California on

14  September 5, 2008.  Decl. Allison Rhodes, Ex. 2, at 1.  Nothing in

15  the record establishes when, if ever, Davis LLC obtained a license

16  to import wine in California or elsewhere.

17       On September 7, 2010, after all of the pending motions were

18  filed, Davis Wine Company registered with the Oregon Secretary of

19  State as an assumed business name of the California LLC.  Parker

20  Decl. at ¶ 7.  The company is not registered with the Oregon Liquor

21  Control Commission.  Id. at ¶ 8.

22                    **PROCEDURAL HISTORY**

23       Davis LLC sued Estampa in Oregon state court on July 20, 2009,

24  making claims for breach of contract and breach of the covenant of

25  good faith and fair dealing.  Davis LLC sought at least $700,000 in

26  damages.  Estampa removed the case to federal court on June 8,

27  2010.  Estampa filed a motion for summary judgment on July 28,

28  2010, based largely on the fact that Davis Wine Imports, LLC did

3 - OPINION AND ORDER

1   not exist as an entity at the time it entered into the Agreement.

2   Therefore, argues Estampa, the contract was not valid under

3   California law[1] because the parties were not capable of contracting

4   with one another.

5       Instead of responding to the motion for summary judgment, on

6   August 16, 2010, Davis LLC filed a Motion for Joinder, Leave to

7   Amend, and For An Extension of Time to Respond to Defendant's

8   Motion for Summary Judgment, all currently before the court.  The

9   motion seeks to amend the complaint to join Davis Wine Company,

10  which plaintiff asserts is a partnership between German, Sebastian,

11  and Cesar Bistue.  Decl. Phil Nelson, Ex. A at ¶ 2.

12      In the original Complaint, Davis LLC brought claims for breach

13  of contract and breach of the covenant of good faith and fair

14  dealing.  Def.'s Notice of Removal, Ex. 1 at 5-7.  In Plaintiff's

15  Proposed First Amended Complaint, Davis Wine Company brings claims

16  for breach of contract, breach of the covenant of good faith and

17  fair dealing, breach of implied contract, and Davis LLC brings a

18  claim for unjust enrichment.  Decl. Phil Nelson, Ex. A at 5-9.

19      According to the Proposed First Amended Complaint, the facts

20  are as follows.  Davis Wine Company was formed in 2003 and "is a

21  federally licensed importer, marketer and distributor of

22  international wine throughout the United States."  Id. at ¶ 5.  In

23  December 2007, Davis Wine Company "notified Estampa that it was in

24  the process of reorganizing as a limited liability company that

25  would be named Davis Wine Imports.  As such, Davis Wine Company

26

27      [1] The Agreement's choice of law clause dictates that
    California substantive law applies. See Parker Decl. Ex. 1, at 6.
28  Neither party argues otherwise.

4 - OPINION AND ORDER

1  served as the pre-incorporator for Davis Wine Imports." <u>Id.</u> at ¶
2  6. "The parties understood and agreed that Davis Wine Company"
3  would perform all obligations under the contract, and be entitled
4  to all the benefits under the contract until and unless Davis Wine
5  Imports was formed." <u>Id.</u> at ¶ 7. "All pre- and post-agreement
6  correspondence between the parties was addressed to Davis Wine
7  Company. All invoices and purchase orders issued pursuant to the
8  contract were in the name of Davis Wine Company. Estampa issued a
9  press release and a notice to all of its distributors listing Davis
10 Wine Company as its official importer."

11                               **STANDARD**

12 I.  <u>Leave to Amend</u>

13     Rule 15(a)(2) provides that leave to amend a complaint should
14 be "freely given when justice so requires." Generally, leave to
15 amend is to be granted with "extreme liberality." <u>Morongo Band of</u>
16 <u>Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990). "The
17 power to grant leave to amend, however, is entrusted to the
18 discretion of the district court, which determines the propriety of
19 a motion to amend by ascertaining the presence of any of four
20 factors: bad faith, undue delay, prejudice to the opposing party,
21 and/or futility." <u>Serra v. Lappin</u>, 600 F.3d 1191, 1200 (9th Cir.
22 2010) (affirming denial of motion for leave to amend based on
23 futility). However, each is not given equal weight. <u>Bonin v.</u>
24 <u>Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment
25 can, by itself, justify the denial of a motion for leave to amend."
26 <u>Id.</u>

27 II. <u>Joinder</u>

28     Rule 19 requires a two-step analysis to determine whether a

5 - OPINION AND ORDER

party should or must be joined.  Takeda v. Northwestern Nat'l Life
Ins. Co., 765 F.2d 815, 819 (9th Cir. 1985).  Under Rule 19(a), the
court must first determine whether the party is necessary.  Id.  A
party is necessary if

> (1) in that person's absence, the court cannot accord
> complete relief among existing parties; or (2) that
> person claims an interest relating to the subject of the
> action and is so situated that disposing of the action in
> the person's absence may (i) as a practical matter impair
> or impede the person's ability to protect the interest;
> or (ii) leave an existing party subject to a substantial
> risk of incurring double, multiple, or otherwise
> inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  The "appropriate focus" in determining the
necessity of a party under Rule 19(a) is on the "practical
ramifications of joinder versus nonjoinder."  Puyallup Indian Tribe
v. Port of Tacoma, 717 F.2d 1251, 1255 (9th Cir. 1983)(citation
omitted), cert. denied, 465 U.S. 1049 (1984).

    If the party is necessary, but his joinder will destroy
jurisdiction, then the court must consider whether "in equity and
good conscience" the action should proceed without his joinder.
Takeda, 765 F.2d at 819 see also E.E.O.C. v. Peabody W. Coal Co.,
400 F.3d 774, 779 (9th Cir. 2005) (noting that whether a party is
indispensable to an action involves "three successive inquiries"
with the first determining whether the absent party is "required,"
the second determining the feasibility of joinder, and the third,
if the absent party is required and cannot feasibly be joined,
whether "in equity and good conscience, the action should proceed
among the existing parties or should be dismissed.").

    Four factors are relevant to the indispensable inquiry:

> (1) the extent to which a judgment rendered in the
> person's absence might prejudice that person or the
> existing parties; (2) the extent to which any prejudice

6 - OPINION AND ORDER

could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Only if the court determines that the action must be dismissed is the party deemed indispensable. McLaughlin v. International Ass'n of Machinists and Aerospace Workers Locals 751-A and 751-C, 847 F.2d 620, 621 (9th Cir. 1988).

There is no precise formula to follow in a Rule 19 determination. Northern Alaska Envtl. Center v. Hodel, 803 F.2d 466, 468 (9th Cir. 1986)(citation omitted). Rather, the determination is "heavily influenced by the facts and circumstances of each case." Id.

**DISCUSSION**

It is well-established California law that a corporation is not liable for contracts of its promoters unless there is an express or implied ratification of the contract by the corporation after it comes into existence. Judelson v. American Metal Bearing Co., 89 Cal.App.2d 256, 261, 200 P.2d 836, 839 (Cal.App. 2 Dist. 1948) ("A contract of a stockholder or member of a corporation individually, made before incorporation, is not the contract of the corporation nor binding on it, unless it expressly or impliedly ratifies it."); Robinson v. Chapman Square, 77 Cal.App.2d 902, 903, 176 P.2d 945, 945-46 (Cal. App. 1947); see also 15 Cal. Jur. 3d Corporations § 43. Put otherwise, "it is hornbook law that a corporation can enforce preincorporation contracts made on its behalf, as long as the corporation has adopted the contract or otherwise succeeded to it." 02 Development, LLC v. 607 South Park,

7 - OPINION AND ORDER

LLC, 71 Cal.Rptr.3d 608, 612 (Ct. App. 2008).    But, "[t]o constitute ratification, the affirmance of a transaction must occur before the other party has manifested his withdrawal[2] from it either to the purported principal or to the agent, and before the offer or agreement has otherwise terminated or been discharged." Restatement (Second) of Agency § 88 (1958).    Although California courts have not addressed the situation where a party seeks to withdraw from a preincorporation contract before it is ratified or affirmed, "it is generally held that withdrawal at any time prior to the affirmance is effectual."    12 Williston on Contracts, Effect of change of circumstances-Withdrawal before ratification, § 35:28 (4th ed.).

    Defendant argues amendment of the complaint will be futile based on the discussion above.    Defendant relies on the proposition that the agreement, as a pre-incorporator's contract, can be avoided if it is repudiated before the corporation is formed or otherwise ratifies the contract, which defendant alleges in its motion for summary judgment occurred here.    Without reaching the merits of defendant's position on its motion for summary judgment against the original complaint, I note there is some confusion about what exactly Davis Wine Company's theory is for its proposed three claims against defendant.    The record does not reveal whether Davis Wine Company claims the contract was valid and binding between it and Estampa with an intention to transfer the contractual rights and obligations to Davis LLC when it was formed,

_____

[2] "Refusal to perform the obligations of a purported contract constitutes a withdrawal."    Comment a to The Restatement (Second) of Agency § 88 (1958).

8 - OPINION AND ORDER

1  or is attempting to allege some other rights Davis Wine Company has
2  and retains after the 2008 formation of Davis LLC.  While the court
3  is skeptical of Davis Wine Company's ability to sustain its alleged
4  claims    in    the    proposed    amended    complaint,    the    record    is
5  insufficiently developed to justify denying the motion to amend as
6  futile.    The  better  course  is  to  allow  amendment  and  take  the
7  issues raised up on a better developed record on motion from the
8  defendant.

9  Standing

10     Estampa  argues  that  neither  Davis  entity  has  standing  to
11  prosecute this action in Oregon under ORS 648.135[3] because Davis
12  LLC was not registered in Oregon.   Davis argues that it cured its
13  standing issue when the Bistue family registered Davis Wine Company
14  as their assumed business name on September 7, 2010.

15     Oregon courts have held that ORS 648.135 allows a person to
16  cure noncompliance with ORS 648.007 "at any time."  Pacific Coast
17  Recovery Service, Inc. v. Johnston, 219 Or. App. 570, 575 (2008).
18  "[S]o long as the violation of ORS 648.007 is rectified at any time
19  before the action is actually dismissed, the plaintiff can maintain
20  the action."   Id.

21     Davis Wine Company registered to do business in Oregon as an

22

23     [3] Under ORS 648.135(1), "A person who carries on, conducts
    or transacts business in violation of ORS 648.007 shall lack
24  standing before the courts of this state to maintain a cause of
    action for the benefit of the business.  The person may cure the
25  incapacity at any time by complying with ORS 648.007."

26
    Under ORS 648.007(1), "No person shall carry on, conduct or
27  transact business under an assumed business name . . . unless the
    person has registered the assumed business name as provided in
28  this chapter and maintains a current registration."

9 - OPINION AND ORDER

assumed business name of Cesar, German, and Sebastian Bistue, the unregistered partnership that served as the preincorporator of Davis LLC. Typically, "a partnership does not continue to exist after the formation of a corporation." <u>Persson v. Smart Inventions, Inc.</u>, 125 Cal.App.4th 1141, 1157, 23 Cal.Rptr.3d 335 Cal.App. 2 Dist. (2005). The authorities, however, do recognize limited exceptions to the principle that partnerships cease to exist after the formation of a corporation. <u>Id.</u> at 1158. For example, "Partners may, by agreement, continue their relations as co-partners in conjunction with their relationship as stockholders of a corporation[.]" <u>Id.</u> But "in the absence of such an agreement", a California court will not typically find that the partnership continued after corporate formation. <u>Id.</u> at 1159.

Here, the record is insufficient to determine if the partnership continued to exist after the formation of the LLC. Therefore, it is premature to address whether either entity has standing to sue in the District of Oregon.

### CONCLUSION

Plaintiff's motion for joinder and leave to amend [doc. #16] is granted.

IT IS SO ORDERED.

Dated this <u>11</u> day of <u>March</u>, 2011.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
United States Magistrate Judge

10 - OPINION AND ORDER